KING, Judge.
The issue presented by this appeal is whether the trial court was correct in sustaining defendants’ exception of prescription to plaintiffs’ malpractice claim.
Emmanuel and Sophie Apande (hereinafter collectively referred to as plaintiffs) submitted a request for review of a medical malpractice claim to the Chief of Medical Malpractice for the State of Louisiana pursuant to La.R.S. 40:1299.41 et seq. In their complaint, plaintiffs allege that Lake Charles Memorial Hospital, Dr. Michael L. Kudla, and Dr. Elíseo R. Puig (hereinafter collectively referred to as defendants) were negligent in their diagnosis and treatment of Sophie Apande who was pregnant and admitted to the hospital in early labor. Defendants, in accordance with La.R.S. 40:1299.47(B)(2)(a), a provision of the Medical Malpractice Statute which allows a defendant to raise certain exceptions prior to completion of the review process by the medical review panel, filed a petition in the district court and raised alternative exceptions of peremption and prescription. These exceptions were set for hearing on September 2, 1988, at which time the trial court sustained defendants’ exception of prescription. A formal judgment dismissing plaintiffs’ claim for medical malpractice was signed on September 15, 1988. From this judgment, plaintiffs appeal. We reverse.
FACTS
On July 4, 1981, Sophie Apande was admitted to Lake Charles Memorial Hospital experiencing early labor. She was attended by Drs. Michael L. Kudla and Elíseo R. Puig. According to plaintiffs’ complaint, Sophie Apande began exhibiting signs of fetal distress and, because of defendants’ alleged negligence, delivered a stillborn *669 child. It is uncontested that all defendants were qualified medical care providers, as provided by applicable law, and licensed under the laws of this state at the time of the alleged acts of malpractice.
On July 3, 1982, counsel for plaintiffs submitted a malpractice complaint for injuries and damages sustained as a result of the death of their child which occurred through the alleged negligence of defendants and requested a review of their medical malpractice claim. This complaint or request for review was sent by certified mail on July 3, 1982, and requested that a medical review panel be convened. The complaint, which was introduced into evidence at the hearing on the exceptions was in letter form, contained a brief recitation of the facts surrounding the alleged negligence, listed specific allegations of negligence on the part of defendants, provided the full names and addresses of the defendants, and contained a prayer for damages.
On July 7, 1982, in response to plaintiffs’ complaint, the Chief of Medical Malpractice for the State of Louisiana sent a letter to counsel for plaintiffs acknowledging receipt of their complaint and notifying counsel that his petition should comply with the form as outlined in Louisiana Code of Civil Procedure Article 891, et seq. The letter further stated that upon receipt of a petition, including the names and addresses of the defendants, the Chief of Medical Malpractice would notify all named defendants and convene a medical malpractice review panel.
No further action was taken on this claim until November 5, 1987, more than five years later. On that date, Emmanuel Apande sent a letter to the Chief of Medical Malpractice inquiring into the status of his claim. He enclosed a copy of the complaint dated July 3, 1982, and questioned why a medical review panel had not yet been convened.
On November 13, 1987, the Deputy Commissioner for Medical Malpractice sent a certified letter to plaintiffs acknowledging receipt of their November 5, 1987 letter submitting their complaint. The Deputy Commissioner noted November 12, 1987, the date they received the letter from plaintiffs, as the date on which plaintiffs’ complaint was filed and notified all named defendants of the convening of a medical review panel.
After defendants were notified of the complaint, they filed a petition in the District Court on March 10, 1988, in order to have their exceptions of peremption and/or prescription heard.
On May 23, 1988, the Chief of Medical Malpractice sent another letter to Emmanuel Apande in response to his November 5, 1987 letter. Enclosed in that correspondence was a copy of the letter dated July 7, 1982 in which the Chief of Medical Malpractice had informed counsel for plaintiffs to submit a petition in accordance with La.C. C.P. Art. 891 et seq. This letter informed plaintiffs that since there had been no response from plaintiffs’ counsel, their claims had been placed into a suspense folder.
Defendants’ exceptions were heard on September 2, 1988, at which time the trial court sustained defendants’ exception of prescription and ordered their claim dismissed. Plaintiffs appeal this judgment.
DECISION
The prescriptive period for medical malpractice claims is provided for in La.R.S. 9:5628 which states in part:
“A. No action for damages for injury or death against any physician ... or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought, unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.”
In this case, the alleged malpractice or negligence took place on July 4, 1981. Therefore, we must decide whether or not *670 the complaint or the request for review filed with the Chief of Medical Malpractice by counsel for plaintiffs on July 3, 1982 sufficiently interrupted the running of the peremptive and prescriptive periods provided by La.R.S. 9:5628.
La.R.S. 40:1299.47, as it was in effect on July 3, 1982, stated in pertinent part that:
“A. All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided in this Section.
The filing of the request for review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following the issuance of the opinion by the medical review panel in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who is not qualified under this Part, until sixty days following notification by certified mail to the claimant or his attorney by the commissioner that the health care provider is not covered by this Part. The request for review of a claim under this Section shall be deemed filed on the date of receipt of the complaint stamped and certified by the commissioner or on the date of mailing of the complaint if mailed to the commissioner by certified or registered mail.
It shall be the duty of the commissioner of insurance within fifteen days of the receipt of the claim to:
(1) Confirm to the claimant that the filing has been officially received and whether or not the named defendant or defendants have qualified under this Part.
(2) Notify all named defendants, whether or not qualified under the provisions of this Part, that a filing has been made against them and request made for the formation of a medical review panel; and forward a copy of the proposed complaint to each named defendant at his last and usual place of residence or his office.
(3)Forward a copy of the proposed complaint to the clerk of the Louisiana Supreme Court, including the names of the parties plaintiff and defendant, who are qualified under this Part.” (Emphasis supplied.)
Thus, this statute provides that the filing of a request for review in accordance with this statute against qualified health care providers suspends the time for filing suit until 90 days following the issuance of the opinion of the medical review panel. Additionally, the statute deems the request for review, if sent by certified mail, filed on the date of mailing.
The complaint or request for review in this case, which was mailed by certified mail on July 3, 1982, suspended the time for filing suit on plaintiffs’ claim until 90 days after an opinion was issued by the medical review panel which, in this case, was never done.
Upon receipt of plaintiffs’ timely filed complaint, the Chief of Medical Malpractice wrote to counsel for plaintiffs’ requesting a petition setting forth the complaint which complied with La.C.C.P. Article 891 et seq. Thereafter, when no action was taken by counsel for plaintiffs, their claim was placed into a suspense folder and no further action was taken on plaintiffs’ claim or request for review.
The statute, La.R.S. 40:1299.47, does not set forth any specific form or requirements that must be included in a complaint or request for review. Therefore, we find no legal reason why the Chief of Medical Malpractice should have sent the letter requesting a petition in compliance with La.C. C.P. Article 891, et seq and refusing to notify the defendants and to convene a medical review panel. Furthermore, upon examination of plaintiffs’ complaint and request for review, we find that it did, in fact, substantially comply with the requirements of La.C.C.P. Article 891. Plaintiffs’ letter of complaint and request for review must have been sufficient because it was this exact letter that the Deputy Commis *671 sioner for Medical Malpractice again received on November 12, 1988, with Emmanuel Apande’s November 5, 1988 letter of inquiry, and upon which the Deputy then acted to notify all defendants of plaintiffs’ pending claim and request for review. Plaintiffs’ complaint and request for review filed on July 3, 1982 interrupts the time for filing suit on their claim for medical malpractice, which occurred on July 4, 1981, until 60 or 90 days after an opinion has been rendered by the Medical Review Board. Therefore, we find that the trial court was clearly wrong in sustaining defendants’ exception of peremption and/or prescription.
For these reasons, the judgment of the trial court is reversed. All costs of appeal are taxed against defendants-appellees.
REVERSED.