JjWICKER, Judge.
This appeal arises from an action in dental malpractice. The sole issue in this appeal is whether a letter to the Patient’s Compensation Fund merely requesting information as to whether an individual is a qualified health provider suspends prescription. The trial judge ruled it did not. He granted the exception of prescription filed on behalf of Dr. A.C. Dickerson, defendant/appellee, and dismissed the claim of Windy Coleman, plaintiff/appellant. Coleman now appeals. We affirm.
On July 10, 1992 Coleman filed a petition against A.C. Dickerson, D.D.S. for dental malpractice. She alleged Dickerson negligently performed a dental procedure on October 30, 1990. She further alleged she wrote the Patient’s Compensation Fund on October 30, 1991 “requesting information regarding whether Dr. Dickerson was a health care provider.” On November 21, 1991 she was notified by the Fund that Dr. A.W. Dickerson was a qualified health care provider. She then filed an application for a medical [¿review panel on November 22, 1991 against Dr. A.W. Dickerson. She subsequently discovered there were two dentists named Dickerson from the same area and that the dentist who performed a graft on her was Dr. A.C. Dickerson and not Dr. A.W. Dickerson. She then amended her application with the medical review panel. She was notified on July 7,1992 that Dr. A.C. Dickerson was not a health care provider. She filed this suit against Dr. A.C. Dickerson on July 10, 1992.
On September 4, 1992 Dickerson filed his first of two exceptions of prescription on the basis the claim was filed more than one year after the alleged malpractice.
Coleman argued that Dr. A.C. Dickerson only identified himself to her as “A. Dickerson”. She alleged failure to correctly identify himself caused her delay in filing timely. The trial judge granted the first exception of prescription but allowed Coleman 15 days to amend her petition.
Coleman amended her petition to allege inter alia that she filed a timely claim against Dr. A. Dickerson; that Dr. A.C. *421 Dickerson failed to fully identify himself, and thus the doctrine of contra non valentum should apply.
Dickerson filed a second exception of prescription arguing that the original claim against the incorrect defendant, Dr. A.W. Dickerson, was not timely as alleged by Coleman. Thus, he argues that the untimely filed claim could not have suspended prescription as to Dr. A.C. Dickerson.
In his memorandum in support of the exception Dickerson attached Coleman’s deposition.
Coleman testified she was aware of problems with the graft surgery performed the morning after the surgery of | ¾October 30, 1990. She stated she saw Dickerson and told him he did something wrong. She then went to an attorney and sought other professional opinions.
An unsigned letter purported to be Dr. Dickerson’s affidavit was also attached. It states the last visit by Coleman was November 9, 1990.
Coleman filed no opposition memorandum. At the hearing on the exception Coleman’s counsel argued that although the actual application for a medical review panel was filed after the one-year prescriptive period a letter requesting whether or not the dentist was a qualified health care provider was timely sent.
The trial judge granted the exception and dismissed Coleman’s suit. Coleman now appeals specifying the following error:
The trial judge erred in granting defendant-appellee’s exception of prescription; [sic] because prescription was suspended while the matter was in the hands of the Fund so that it did not prescribe on October 30, 1991.
According to Coleman’s petition the letter sent to the Fund was a letter requesting information as to whether Dickerson was a health care provider. In brief Coleman’s counsel describes the letter as a “letter requesting information to determine the appropriate pleading and forum.” Appellant did not argue below nor here that the letter consisted of a complaint against the dentist.
We hold that a letter merely requesting information as to whether an individual is a health care provider is insufficient to suspend prescription pursuant to La.R.S. 40:1299.47(A).[1] In Apande v. Kudla, 560 So.2d 668 (La.App. p3rd Cir.1990) the court held a letter could be the form used as a request for review in accordance with La. R.S. 40:1299.47(A). However, the letter in the instant case, unlike the Kudla letter, does not comply with La.R.S. 40:1299.47(A) since it is not a “request for review of a claim.”
Regardless of whether the dentist was properly named in the letter, the letter in this case did not suspend the prescriptive *422 period. Prescription ran before a request for review of a claim had been made.
| .^Accordingly, for the reasons stated, the judgment granting the exception of prescription and dismissing Windy Coleman’s suit against A.C. Dickerson, D.D.S., is affirmed at appellant’s cost.

AFFIRMED.

. La.R.S. 40:1299.47(A) provides in pertinent part:
(1) All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section.
(2)(a) The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part,
but who has not qualified under this Part, until sixty days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The filing of a request for review of a claim shall suspend the running of prescription against all solidary obligors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review.
(b) The request for review of the claim under this Section shall be deemed filed on the date of receipt of the complaint stamped and certified by the board or on the date of mailing of the complaint if mailed to the board by certified or registered mail.
[[Image here]]