|2CARTER, Judge.
This is an appeal by Juanita Leday (Le-day) from a judgment of the trial court maintaining the peremptory exception raising the objection of prescription filed by the State of Louisiana’s Health Care Authority and University Medical Center, and Dr. Darbonne, and dismissing Leday’s medical malpractice claim.
The sole issue on this appeal is whether a letter to the medical review panel, dated August 1, 1994,[2] outlining medical treatment rendered to Leday’s minor child, Nekethia *1268 Leday, on August 4, 1993, constituted a request for review of a medical malpractice claim suspending the running of prescription. The letter contained certain allegations and conclusions of malpractice on the part of Dr. Humphries and Dr. Darbonne concluding with the following paragraph:
Please advise whether or not Dr. Dar-bonne and Dr. Humphrey or Humphries are qualified under the Medical Malpractice Act. I do not know these physicians first names, but they were employed at University Medical Center on August 5, 1993. I also need to know if University Medical Center is qualified under the Medical Malpractice Act.
LSA-R.S. 40:1299.39.1[3] and LSA-R.S. 40:1299.47[4] provide that an application for medical review panel suspends the running of prescription against all parties. |3Further, the request for review of the claim is deemed filed on the date of the receipt of the complaint, stamped and certified by the Board or on the date of mailing of the complaint, if mailed to the Board by certified or registered mail.
Appellant strenuously contends that the letter of August 1, 1994, puts appellees on notice of the allegations against them and is sufficient to constitute a request for review of a claim to suspend a prescriptive, period. We disagree.
We agree with our brethren of the Fifth Circuit in the case of Coleman v. Dickerson, 94-25, pp. 3-4 (La.App. 5th Cir. 5/31/94); 638 So.2d 420, 421, wherein Judge Wicker writing for the court stated:
We hold that a letter merely requesting information as to whether an individual is a *1269 health care provider is insufficient to suspend prescription pursuant to La.R.S. 40:1299.47(A). In Apande v. Kudla, 560 So.2d 668 (La.App. 3rd Cir.1990) the court held a letter could be the form used as a request for review in accordance with La. R.S. 40:1299.47(A). UHowever, the letter in this instant case, unlike the Kudla letter, does not comply with La.R.S. 40:1299.47(A) since it is not a ‘request for review of a claim.’ (Footnote omitted.)
Appellant also strenuously contends that the case sub judice is analogous to Apande v. Kudla, 560 So.2d 668 (La.App. 3rd Cir.1990). The Apande case is clearly distinguishable from the facts in the instant case. In Apande, the court stated:
On July 3, 1982, counsel for plaintiffs submitted a malpractice complaint for injuries and damages sustained as a result of the death of their child which occurred through the alleged negligence of defendants and requested a review of their medical malpractice claim. This complaint or request for review was sent by certified mail on July 3, 1982, and requested that a medical review panel be convened. The complaint, which was introduced into evidence at the hearing on the exceptions was in letter form, contained a brief recitation of the facts surrounding the alleged negligence, listed specific allegations of negligence on the part of defendants, provided the full names and addresses of the defendants, and contained a prayer for damages.
Apande v. Kudla, 560 So.2d at 669.
Although appellant’s August 1, 1994 letter does set forth some complaints and allegations of malpractice on the part of Dr. Dar-bonne and Dr. Humphries, the letter is primarily requesting information as to whether they and University Medical Center were qualified under the Medical Malpractice Act. Nowhere in the letter is there even the hint of a “request for review of a claim” under LSA-R.S. 40:1299.39.1 or 40:1299.47(A). The letter does not suspend the prescriptive period which ran before a request for review of the claim had been made.
Accordingly, for the above and foregoing reasons, the judgment granting the peremptory exception raising the objection of prescription and dismissing Ledaj^s medical malpractice claim is affirmed at appellant’s costs.
AFFIRMED.
*1270 APPENDIX “A”
[[Image here]]
*1271 [[Image here]]
*1272 [[Image here]]

. The August 1, 1994 letter and a follow up letter dated May 26, 1995, are attached hereto as "Appendix A.”

. LSA-R.S. 40:1299.39.1 provides, in pertinent part, as follows:
A. (1) All malpractice claims against the state, its agencies, or other persons covered by this Part, other than claims wherein the patients are prisoners and claims compromised or settled by the claimant and the division of administration with the concurrence of designated legal counsel for the state, shall be reviewed by a state medical review panel established as provided in this Section, to be administered by the commissioner of administration, hereinafter referred to as commissioner.
(2)(a) The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the state medical review panel, in the case of the state or persons covered by this Part, or, in the case of a health care provider against whom a claim has been filed under the provisions of this Part who has not qualified under this Part, until sixty days following notification by certified mail to the claimant or his attorney by the commissioner that after requesting evidence of such qualifications under this Part and waiting the passage of at least ninety days, the commissioner has not received a certificate or other evidence sufficient to establish that the person is covered by this Part. The filing of a request for review of a claim shall suspend the running of prescription against all solidary obligors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are subject of the request for review.
(b) The request for review of the claim under this Section shall be deemed filed on the date of receipt of the complaint stamped and certified by the commissioner, or on the date of mailing of the complaint if mailed to the commissioner by certified or registered mail.

. LSA-R.S. 40:1299.47(A) provides, in pertinent part, as follows:
(1) All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section.
(2)(a) The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who ■has not qualified under this Part, until sixty days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The filing of a request for review of a claim shall suspend the running of prescription against all solidaiy obligors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review.
(b) The request for review of the claim under this Section shall be deemed filed on the date of receipt of the complaint stamped and certified by the board or on the date of mailing of the complaint if mailed to the board by certified or registered mail.